Robert M. Salyer, Esq. (NV Bar # 6810)
Wilson Barrows & Salyer, Ltd.
442 Court Street
Elko, Nevada 89801
(775) 738-7271
(775) 738-5041 (facsimile)
salyer@wilsonbarrows.com

James M. Manley, Esq., *verified petition
in compliance with LR IA 10-2 filed concurrently*
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## NORTHERN DIVISION

| | |
|---|---|
| AL BAKER, | )<br>) |
| Plaintiff, | ) No. _____<br>) |
| v. | )<br>) |
| ALLEN BIAGGI, Director of the Nevada Department of Conservation and Natural Resources; DAVID K. MORROW, Administrator of the Nevada State Parks; ALLEN NEWBERRY, Nevada State Parks Chief of Operations & Maintenance; ERIC JOHNSON, Nevada State Parks Fallon Region Regional Manager; and ANDREW BASS, Park Supervisor I, Wild Horse State Recreation Area, | ) **COMPLAINT FOR DECLARATORY AND**<br>) **INJUNCTIVE RELIEF**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Plaintiff Al Baker, by and through his undersigned attorneys, hereby files this Complaint against Defendants and alleges as follows:

## NATURE OF THE CLAIMS

1. Mr. Baker seeks declaratory and injunctive relief for Defendants' deprivation of the right to keep and bear arms guaranteed by the United States Constitution.

## JURISDICTION

2. This Court has federal question jurisdiction over Mr. Baker's claims for relief, pursuant to 28 U.S.C. § 1331, because the claims arise under the United States Constitution. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks to redress the deprivation, under color of the laws and regulations of the State of Nevada, of rights, privileges, or immunities secured by the United States Constitution.

## VENUE

3. Venue rests properly in this Court pursuant to 28 U.S.C. § 1391(b) and Local Rule IA 8-1 because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in Elko County, Nevada.

## PARTIES

4. Plaintiff Al Baker is a citizen of the United States and a resident of Idaho.

5.      Mr. Baker is a NRA-certified Home Firearms Safety and Basic Pistol Instructor and a Utah-certified Concealed Firearms Instructor.  He is licensed to carry a concealed handgun pursuant to the laws of the States of Idaho, Oregon, and Utah.

6.      Mr. Baker is a life-long outdoorsman.  He regularly camps and hunts in Idaho and Nevada and has concrete plans to camp in Nevada State Parks.  He has a credible fear of arrest, prosecution, incarceration, and/or fine if he were to possess a functional firearm while camping in Nevada State Parks.

7.      Defendant Allen Biaggi is the Director of the Nevada Department of Conservation and Natural Resources.  Defendant Biaggi is responsible for the administration of the Nevada State Parks and, by creating and enforcing the policies complained of in this action, currently is depriving Mr. Baker of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant Biaggi is sued in both his individual and official capacities.

8.      Defendant David K. Morrow is the Administrator of the Nevada State Parks. Defendant Morrow is responsible for the administration of the Nevada State Parks and, by creating and enforcing the policies complained of in this action, currently is depriving Mr. Baker of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant Morrow is sued in both his individual and official capacities.

9.      Defendant Allen Newberry is the Chief of Operations & Maintenance for the Nevada State Parks.  Defendant Newberry is responsible for the operations and maintenance of the Nevada State Parks and, by enforcing the policies complained of in this action, currently is depriving Mr. Baker of the right to keep and bear arms guaranteed by the United States Constitution.  Defendant Newberry is sued in both his individual and official capacities.

10. Defendant Eric Johnson is the Nevada State Parks Fallon Region Regional Manager. Defendant Johnson is responsible for the management of the Fallon Region of the Nevada State Parks and, by enforcing the policies complained of in this action, currently is depriving Mr. Baker of the right to keep and bear arms guaranteed by the United States Constitution. Defendant Johnson is sued in both his individual and official capacities.

11. Defendant Andrew Bass is Park Supervisor I for the Wild Horse State Recreation Area. Defendant Bass is responsible for the supervision of the Wild Horse State Recreation Area and, by enforcing the policies complained of in this action, currently is depriving Mr. Baker of the right to keep and bear arms guaranteed by the United States Constitution. Defendant Bass is sued in both his individual and official capacities.

## LEGAL BACKGROUND

12. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

13. The Second Amendment guarantees individuals a fundamental right to possess and discharge functional firearms—including handguns, rifles, and shotguns—for purposes of self-defense.

14. The Second Amendment guarantees, *inter alia*, the right to possess and use firearms in residences, such as a home.

15. A tent is a temporary residence to which the guarantees of the Second Amendment apply.

16. The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

17. The right to keep and bear arms is guaranteed by the Second Amendment and enforceable against the States and their political subdivisions, pursuant to the Due Process Clause of the Fourteenth Amendment.

18. The right to keep and bear arms is a privilege and immunity of United States citizenship, which States and their political subdivisions may not deny or abridge.

19. Nevada Administrative Code § 407.105(1)(b) prohibits the possession of a functional firearm by Mr. Baker within Nevada State Parks.

20. Nevada Administrative Code § 407.105(1)(c) prohibits the discharge of any firearm within Nevada State Parks.

21. The Nevada Administrative Code contains no self-defense exception for possession or discharge of a firearm within Nevada State Parks.

22. Nevada Revised Statutes §§ 407.0475(3), 193.150 provide penalties for violation of Nevada Administrative Code § 407.105(1)(b)–(c), including 6 months imprisonment, or a $1,000 fine, or both.

## STATEMENT OF FACTS

23. On April 12, 2010, Mr. Baker submitted a special use permit application for a group campsite at the Wild Horse State Recreation Area in Elko, Nevada. In this application,

Mr. Baker stated that he intended to possess a functional firearm in his tent for self-defense purposes while camping at Wild Horse State Recreation Area.

24. On June 1, 2010, Defendants subjected Mr. Baker to a deprivation of the right to keep and bear arms secured by the United States Constitution by threatening to enforce Nevada Administrative Code § 407.105 if Mr. Baker possessed a functional firearm in his tent while camping at Wild Horse State Recreation Area.

25. Mr. Baker presently intends to possess a functional firearm in Nevada State Parks, and if necessary discharge that firearm for self-defense, but he is prevented from doing so by Defendants' threatened enforcement of Nevada Administrative Code § 407.105.

## FIRST CLAIM FOR RELIEF
### (Functional Firearms Ban)
### (Right to Keep and Bear Arms)
### (Declaratory and Injunctive Relief)

26. Mr. Baker hereby realleges and incorporates the allegations in the preceding paragraphs as if the same were fully set forth here.

27. The right to keep and bear functional firearms for the core lawful purpose of self-defense is guaranteed by the Second Amendment and enforceable against the states and their political subdivisions, pursuant to the Fourteenth Amendment.

28. Nevada Administrative Code § 407.105(1)(b) prohibits the possession of functional firearms within Nevada State Parks.

29. By banning all functional firearms, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law that deprive Mr. Baker of the right to keep and bear arms for self-defense in violation of the Second and

Fourteenth Amendments to the United States Constitution.  Defendants are thereby liable to Mr. Baker under 42 U.S.C. § 1983.

30. Mr. Baker is entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.  *See* 28 U.S.C. §§ 2201, 2202.

### SECOND CLAIM FOR RELIEF
**(Prohibition on Defensive Discharge of Firearms)**
**(Right to Keep and Bear Arms)**
**(Declaratory and Injunctive Relief)**

31. Mr. Baker hereby realleges and incorporates the allegations in the preceding paragraphs as if the same were fully set forth here.

32. The right to keep and bear functional firearms for the core lawful purpose of self-defense is guaranteed by the Second Amendment and enforceable against the states and their political subdivisions, pursuant to the Fourteenth Amendment.

33. Nevada Administrative Code § 407.105(1)(c) prohibits the discharge of firearms within Nevada State Parks for the lawful purpose of self-defense.

34. By banning the discharge of firearms for the lawful purpose of self-defense, Defendants currently maintain and actively enforce a set of laws, customs, practices, and policies under color of state law which deprive individuals, including Mr. Baker, of the right to keep and bear arms for self-defense, in violation of the Second and Fourteenth Amendments to the United States Constitution.  Defendants are thereby liable to Mr. Baker under 42 U.S.C. § 1983.

35. Mr. Baker is entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional customs, policies, and practices.  *See* 28 U.S.C. §§ 2201, 2202.

**PRAYER FOR RELIEF**

Wherefore, Mr. Baker respectfully requests that this Court enter judgment for Plaintiff as follows:

 A. Declare that Nevada Administrative Code § 407.105(1)(b) infringes the right to keep and bear arms for self-defense protected by the Second and Fourteenth Amendments, by prohibiting the possession of functional firearms within Nevada State Parks;

 B. Declare that Nevada Administrative Code § 407.105(1)(c) infringes the right to keep and bear arms for self-defense protected by the Second and Fourteenth Amendments, by prohibiting the discharge of functional firearms within Nevada State Parks;

 C. Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from enforcing Nevada Administrative Code § 407.105(1)(b) against Mr. Baker;

 D. Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from enforcing Nevada Administrative Code § 407.105(1)(c) against Mr. Baker;

 E. Award Mr. Baker his costs, attorneys' fees, and other expenses in accordance with law, including 42 U.S.C. § 1988;

 F. Award Mr. Baker any further relief this Court deems just and equitable.

Respectfully submitted this 13th day of July 2010.

By: /s/ Robert M. Salyer
Robert M. Salyer, Esq. (NV Bar # 6810)
Wilson Barrows & Salyer, Ltd.
442 Court Street
Elko, Nevada 89801
(775) 738-7271
(775) 738-5041 (facsimile)
salyer@wilsonbarrows.com

James M. Manley, Esq., *verified petition in compliance with LR IA 10-2 filed concurrently*
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmanley@mountainstateslegal.com

Attorneys for Plaintiff