CATHERINE CORTEZ MASTO
Attorney General
KRISTEN R. GEDDES
Deputy Attorney General
Nevada Bar No. 9027
Bureau of Public Affairs
Division of Public Safety
100 North Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1231
Fax: (775) 684-1103
kgeddes@ag.nv.gov

*Attorneys for Defendants David Morrow,
Eric Johnson and Andrew Bass*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AL BAKER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALLEN BIAGGI, Director of the Nevada Department of Conservation and Natural Resources; DAVID K. MORROW, Administrator of the Nevada State Parks; ALLEN NEWBERRY, Nevada State Parks Chief of Operations and Maintenance; ERIC JOHNSON, Nevada State Parks Fallon Regional Manager; and ANDREW BASS, Park Supervisor I, Wild Horse State Recreation Area,<br><br>　　　　　Defendants. | Case No.  3:10-cv-00426-ECR-RAM<br><br><br>ANSWER |

　　　　Defendants, David K. Morrow, Administrator of the Nevada State Parks, Eric Johnson, Nevada State Parks Fallon Regional Manager, and Andrew Bass, Park Supervisor I, Wild Horse State Recreation Area, by and through their attorneys of record, Catherine Cortez Masto, Attorney General of the State of Nevada, and Kristen R. Geddes, Deputy Attorney General, in answer to Plaintiff's Complaint ("Complaint") on file herein, admit, deny and allege as follows:

## NATURE OF THE CLAIMS

1. Answering Plaintiff's Complaint on file herein at ¶ 1, Defendants ADMIT that Plaintiff asserts claims for declaratory and injunctive relief.

## JURISDICTION

2. Answering Plaintiff's Complaint on file herein at ¶ 2, Defendants ADMIT that jurisdiction is proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1983.

## VENUE

3. Answering Plaintiff's Complaint on file herein at ¶ 3, Defendants ADMIT only that venue is proper pursuant to 28 U.S.C. § 1391(b) and LR IA8-1. Defendants DENY the remaining allegations contained therein.

## PARITES

4. Answering Plaintiff's Complaint on file herein at ¶ 4, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

5. Answering Plaintiff's Complaint on file herein at ¶ 5, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

6. Answering Plaintiff's Complaint on file herein at ¶ 6, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

7. Answering Plaintiff's Complaint on file herein at ¶ 7, Defendants DENY each and every allegation contained therein.

8. Answering Plaintiff's Complaint on file herein at ¶ 8, Defendants ADMIT only that David Morrow is the Administrator of the Nevada Division of State Parks and that he is sued in his individual and official capacities. Defendants DENY the remaining allegations contained therein.

9. Answering Plaintiff's Complaint on file herein at ¶ 9, Defendants DENY each and every allegation therein.

10. Answering Plaintiff's Complaint on file herein at ¶ 10, Defendants ADMIT only that Eric Johnson is the Nevada Division of State Parks Fallon Regional Manager; that Defendant Johnson is responsible for the management of the Fallon Region of the Division of State Parks; and that Defendant Johnson is sued in his individual and official capacities. Defendants DENY the remaining allegations contained therein.

11. Answering Plaintiff's Complaint on file herein at ¶ 11, Answering Plaintiff's Complaint on file herein at ¶ 11, Defendants ADMIT only that Andrew Bass is a Park Supervisor I for the Wild Horse State Recreation Area; that Defendant Bass is responsible for the supervision of the Wilde Horse State Recreation Area; and that Defendant Bass is sued in his individual and official capacities. Defendants DENY the remaining allegations therein.

## LEGAL BACKGROUND

12. Answering Plaintiff's Complaint on file herein at ¶ 12, Defendants ADMIT that the Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

13. Answering Plaintiff's Complaint on file herein at ¶ 13, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

14. Answering Plaintiff's Complaint on file herein at ¶ 14, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

15. Answering Plaintiff's Complaint on file herein at ¶ 15, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

16. Answering Plaintiff's Complaint on file herein at ¶ 16, Defendants ADMIT that the Fourteen Amendment contains in pertinent part, the cited language.

///
///

17. Answering Plaintiff's Complaint on file herein at ¶ 17, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

18. Answering Plaintiff's Complaint on file herein at ¶ 18, Defendants DENY each and every allegation therein.

19. Answering Plaintiff's Complaint on file herein at ¶ 19, Defendants DENY each and every allegation contained therein.

20. Answering Plaintiff's Complaint on file herein at ¶ 20, Defendants DENY each and every allegation contained therein.

21. Answering Plaintiff's Complaint on file herein at ¶ 21, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

22. Answering Plaintiff's Complaint on file herein at ¶ 22, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

## STATEMENT OF FACTS

23. Answering Plaintiff's Complaint on file herein at ¶ 23, Defendants ADMIT the allegations contained therein.

24. Answering Plaintiff's Complaint on file herein at ¶ 24, Defendants DENY each and every allegation contained therein.

25. Answering Plaintiff's Complaint on file herein ¶ 25, Defendants are without sufficient information to form a belief as to the truth of the allegations that Plaintiff presently intends to possess a functional firearm in Nevada State Parks, and if necessary discharge that firearm for self-defense, and on that basis DENY same. Defendants DENY all remaining allegations contained therein.

///

///

///

**FIRST CLAIM FOR RELIEF**
**(Functional Firearms Ban)**
**(Right to Keep and Bear Arms)**
**(Declaratory and Injunctive Relief)**

26. Answering Plaintiff's Complaint on file herein ¶ 26, Defendants reallege and incorporate the admissions and denials in the preceding paragraphs as though fully set forth herein.

27. Answering Plaintiff's Complaint on file herein ¶ 27, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

28. Answering Plaintiff's Complaint on file herein ¶ 28, Defendants DENY all allegations contained therein.

29. Answering Plaintiff's Complaint on file herein ¶ 29, Defendants DENY all allegations contained therein.

30. Answering Plaintiff's Complaint on file herein ¶ 30, Defendants DENY all allegations contained therein, including that Plaintiff is entitled to any relief specified therein.

**SECOND CLAIM FOR RELIEF**
**(Prohibition on Defensive Discharge of Firearms)**
**(Right to Keep and Bear Arms)**
**(Declaratory and Injunctive Relief)**

31. Answering Plaintiff's Complaint on file herein ¶ 31, Defendants reallege and incorporate the admissions and denials in the preceding paragraphs as though fully set forth herein.

32. Answering Plaintiff's Complaint on file herein ¶ 32, Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and on that basis DENY same.

33. Answering Plaintiff's Complaint on file herein ¶ 33, Defendants DENY all allegations contained therein.

34. Answering Plaintiff's Complaint on file herein ¶ 34, Defendants DENY all allegations contained therein.

35. Answering Plaintiff's Complaint on file herein ¶ 35, Defendants DENY all allegations contained therein, including that Plaintiff is entitled to any relief specified therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted;
2. Plaintiff's claim are not ripe;
3. Plaintiff's claims are moot;
4. Defendants are entitled to "qualified immunity" from this litigation and all liability;
5. The Eleventh Amendment to the United States Constitution bars actions against Defendants;
6. Plaintiff is solely responsible for the harm alleged to have occurred;
7. Plaintiff's alleged injuries, harm, and damages are speculative, barring or reducing any damages award for the same;
8. Plaintiff failed to mitigate his losses, injuries, damages, if any;
9. Plaintiff's claims are barred by the applicable statute of limitations;
10. Plaintiff's claims are barred by the doctrine of laches;
11. Defendants cannot be sued for monetary damages while acting in their official capacity;
12. Plaintiff has failed to join necessary and indispensable parties under Federal Rule of Civil Procedure 19;
13. Plaintiff lacks standing to litigate the claims, or any of them, of his Complaint;
14. Plaintiff's claims are barred by the doctrine of "*res judicata*" and/or "*collateral estoppel*";
15. Plaintiff's injuries, if any, were, *de minimus* and no recovery may be had therefore;
16. Some or all of the named Defendants were not personally involved and/or the cause in fact and proximate cause of Plaintiff's alleged constitutional deprivations;
17. Defendants presently have insufficient knowledge or information by which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendants herein reserves their right to assert additional defenses in

the event discovery shows that it would be appropriate to assert additional affirmative defenses.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by virtue of his Complaint;
2. That Defendants have judgment for their costs and attorney fees as determined by law;
3. For such other and further relief as the Court may deem just and proper.

DATED this 13th day of August, 2010.

CATHERINE CORTEZ MASTO
Attorney General

By: _____
Kristen R. Geddes
Deputy Attorney General

*Attorneys for Attorneys for Defendants David Morrow, Eric Johnson and Andrew Bass*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 13th day of August 2010, I caused to be served a copy of the foregoing *ANSWER,* by CM/ECF to the following:

Robert Salyer
Wilson, Barrow and & Sayler, Ltd.
442 Court Street
Elko, NV 89801
salyer@wilsonbarrows.com

James M. Manley
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, CO 80227
jmanley@mountainstateslegal.com

                                           _____s/s Sandie Geyer_____
                                           Sandie Geyer, LSII